**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

BOISEY CALDWELL,

                                        Plaintiff,

                v.                                                    1:22-CV-0567
                                                                      (BKS/CFH)
GERALD J. PETROS, et al.

                                        Defendants.

---

**APPEARANCES:**

Boisey Caldwell
25 Elliot Place, Apt. E7
Bronx, New York 10452-7116
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION & ORDER

        Plaintiff pro se Boisey Caldwell commenced this action on May 27, 2022, by filing

a complaint and application for leave to proceed in forma pauperis ("IFP") in lieu of

paying the Court's filing fee.  See Dkt. Nos. 1, 2.  Presently pending before the Court for

review is plaintiff's application for leave to proceed IFP.  See Dkt. No. 2.  The Court has

reviewed plaintiff's IFP application and concludes that plaintiff financially qualifies for in

forma pauperis relief for purposes of filing.[1]  Accordingly, the Court must review

plaintiff's complaint pursuant to 28 U.S.C. § 1915 to determine whether it may proceed.

---

[1]  Plaintiff is advised that he is still required to pay any costs and fees he may incur in this matter,
including, but not limited to, copying fees, witness fees, and mailing expenses.

### I. Complaint

In a twenty-six-page single-spaced typed complaint, plaintiff seeks to bring a claim against Gerald J. Petros, "chair"; Christine K. Bush, "vice chair," James Barrier. Plaintiff provides that Barrier represented him in a case he filed in 1996, 96-CV-0353, Caldwell v. Tschante et al.  Next to the caption of plaintiff's complaint, plaintiff writes, "Attorney Malpractice in The matter 96cv0353 Caldwell v. Tschante et al."  Compl. at 1. Plaintiff contends that Barrier "racially profiled" him, discriminated against him due to his race, and denied him a fair trial.  See generally Compl.  He notes that when he first met with Barrier, Barrier commented, "You're Black!" and "We bought y'all over here."  Id. Plaintiff appears to contend that Barrier should not have taken his case because his allegedly racist beliefs impacted his ability to properly represent plaintiff.  See id. at 3. Although the specific strategies plaintiff may be referencing are unclear, plaintiff appears to disagree with certain of Barrier's litigation strategies insofar as Barrier "did not allow me to tell the Jury is Liability," "refused to allow me the opportunity to tell the jury what I was there to prove and consequently the case was not trial worthy," and did not permit plaintiff to bring his complaint trial so he could read it to the "jury and the court" at the end of trial  Id. at 2, 4-5.  Plaintiff also contends that Barrier "should be punished for interfering with the courts [sic] ability to administer justice[.]"  Id. at 2. Plaintiff contends that Barrier's racist comments "show[] . . . his very unpredictable 'state of mind'" and violate plaintiff's rights to due process and equal protection of the laws. See id. at 4.  Plaintiff states that he is seeking "remedies for a racially motivated Conflict's [sic]."  Id. Plaintiff further contends that Barrier's representation of him violated

attorney or ethical "misconduct rules," "disciplinary rules," "tons of state and local ethic opinions," and the New York Rules of Professional Conduct.  Id. at 2.

## II.  Legal Standard

Section 1915(e)[2] of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that  . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.  Where the plaintiff is proceeding pro se, the court must consider the claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'"  Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994).  A pro se litigant's pleadings are held to a less strict standard than those drafted by an attorney. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Even in the formal

---

[2] The language of 1915 suggests an intent to limit availability of IFP status to prison inmates. See 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). The courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. See, e.g., Fridman v. City of N.Y., 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

litigation context, <u>pro</u> <u>se</u> litigants are held to a lesser pleading standard than other parties.").  Because plaintiff is proceeding <u>pro</u> <u>se</u>, the Court construes his pleadings "to raise the strongest arguments that they suggest."  <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [pro se litigant] from compliance with relevant rules of procedural and substantive law."  <u>Traguth v. Zuck</u>, 710 F.2d 90, 95 (2d Cir. 1983).

Pleading guidelines are set forth in the Federal Rules of Civil Procedure. Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief."  <u>See</u> FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  <u>Flores v. Graphtex</u>, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  <u>Id.</u> at 8(d).

Further, Rule 10 of the Federal Rules provides:

4

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).

> "In reviewing a complaint . . . the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 622, 678 (2009). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).

Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" does not suffice." Id. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) (summary order). Indeed, a complaint that fails to comply with these

pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).   However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

III.  **Discussion**[3]

In 2019, plaintiff filed another action this district involving the same defendant and issue: 1:10-CV-1516, Caldwell v. Barrier, which was dismissed with prejudice.  See Caldwell v. Barrier,1:19-CV-1516 (BKS/CFH), Dkt. No. 6, 7.  This dismissal was affirmed by the Second Circuit.  See Caldwell v. Barrier, 1:19-CV-1516, Dkt. No. 12.  In 2004, plaintiff also filed the case, Caldwell v. James J. Barrier, et al., 1:04-CV-0036 (DNH/RFT) also regarding the same defendants and facts.  That claim was similarly dismissed with prejudice.

Plaintiff's complaint in this action must be dismissed with prejudice.  It is clear from review of plaintiff's complaints in this action, Caldwell v. Barrier, 1:19-CV-1516 (BKS/CFH), and Caldwell v. James J. Barrier, et al., 1:04-CV-0036 (DNH/RFT), that plaintiff is yet again attempting to bring a case involving the same defendant and same

[3]  Unless otherwise noted, the Court has provided plaintiff with copies of all unpublished cases cited within this Report-Recommendation & Order.

6

frivolous claims.  Plaintiff was advised in the earlier two actions that his complaints were unable to proceed and that he was not permitted to re-file.  See Caldwell v. Barrier, 1:19-CV-1516 (BKS/CFH), Dkt. No. 4 at 6 ("plaintiff may not attempt to bring a new action to raise these claims against the same defendant."). As plaintiff's complaints involving the same defendant and factual circumstances were dismissed by this Court with prejudice in two earlier actions, plaintiff again is advised that he may not bring a new action.

Even if this case were not barred by the prior with prejudice dismissals, as plaintiff has been advised in both earlier actions, he cannot state a federal cause of action against Barrier for legal malpractice because "[p]rivate attorneys, whether court appointed or privately retained, are not liable under 42 U.S.C. 1983."  Caldwell v. Barrier, 1:19-CV-1516 (BKS/CFH), Dkt. No. 4, 2020 WL 918717, at *3 (N.D.N.Y. Feb. 26, 2020) (citing Rodriguez v. Weprin, 116 F.3d 62 65-66 (2d Cir. 1997). Thus, to the extent plaintiff contends that Barrier somehow violated his Fifth, Seventh, and Fourteenth Amendments rights through his representation of plaintiff, see Compl. at 2-3, for the same reasons already set forth in the prior actions, Barrier, as an attorney, was not acting under the color of state law under section 1983.  See id.  Further, as this Court has also previously explained, even if there were a valid question of federal law such that this Court could apply supplemental jurisdiction, there can be no state law claim for legal malpractice because such claims are governed by a three-year statute of limitations which has long since expired given that the legal representation occurred in the mid-1990s.  See Caldwell v. Barrier, 1:19-CV-1516 (BKS/CFH), Dkt. No. 4 at 7.

Insofar as plaintiff argues that in his representation of plaintiff, Barrier violated certain attorney or ethical "misconduct rules," "disciplinary rules," "tons of state and local ethic opinions," and/or the New York State Rules of Professional Conduct, Compl. at 3-4, 5-17, 20-23, violations of attorney rules of professional conduct or state ethical rules or guidelines for attorneys do not form a basis of a constitutional claim for the same reasons that a legal malpractice claim, as discussed above, does not suffice to set forth a claim under section 1983.

Insofar as plaintiff names as defendants Gerald J. Petros and Christine K. Bush in the caption, there is no mention of these individuals anywhere within plaintiff's complaint. Plaintiff's complaint makes many statements contending that Barrier's alleged misconduct and misrepresentation is representative of the firm where he worked, Hinckley Allen. It is possible that plaintiff seeks to name Petros and Bush, partners of the law firm of Hinckley Allen because he believes they may have some kind of "supervisory" roles or authoritative roles at the law firm such that Barrier's conduct could be inferred upon them. However, as plaintiff has failed to state any claim against Barrier, no claim could lie against Petros or Bush for Barrier's conduct.

The undersigned notes that "[p]laintiff's attempt at circumventing this court's orders constitutes abusive litigation. A complaint that repeats pending or previously litigated claims may be considered 'abusive' and dismissed under the authority of 28 U.S.C. § 1915." Ramic v. Barber, No. 6:18-CV-798 (BKS/ATB), 2018 WL 4635706, at *3 (N.D.N.Y. July 12, 2018) report and recommendation adopted, No. 6:18-CV-0798 (BKS/ATB), 2018 WL 3629593 (N.D.N.Y. July 31, 2018) (citing Ranasinghe v. Kennell, 718 F. App'x 82, 83-84 (2d Cir. 2018) (summary order) (additional citations omitted).

As this Court has set forth,

> The court also has discretion under the All Writs Act to enjoin plaintiff's from further vexatious litigation against defendants and related parties. <u>Azkour v. Maucort</u>, No. 11-CV-5780, 2018 WL 1441366, at *1 (S.D.N.Y. Mar. 21, 2018) (citing <u>Safir v. U.S. Airlines</u>, 792 F.2d 19, 23 (2d Cir. 1986)). The court considers various factors in making such a determination. <u>Id.</u> These factors include the plaintiff's litigation history; his motive in pursuing the litigation; whether plaintiff has an objective good faith expectation of prevailing; whether the litigant is represented by counsel, whether the litigant has caused needless expense to other parties or posed an unnecessary burden on the court and its personnel, and whether other sanctions would be adequate to protect the court and other parties. <u>Id.</u> (citing <u>Safir</u>, 792 F.2d at 24). Ultimately, the court determines whether the litigant, who has a history of vexatious litigation is likely to continue to abuse the process. <u>Id.</u> (Safir, 792 F.2d at 23). However, before a filing injunction is imposed, the litigant must be given an opportunity to be heard. <u>Id.</u>

<u>Ramic</u>, 2018 WL 4635706, at *3. Here, the undersigned declines to recommend an anti-filing injunction at this time. Although plaintiff has proven to be a vexatious filer, it does not appear that his litigation history has yet risen to the level at which the Court usually recommends such injunctions. However, plaintiff is advised that if he attempts to bring future actions before this Court involving the same claims and defendant or other frivolous arguments, it would appear likely that the assigned judge would consider such an injunction.

A court ordinarily should not dismiss a complaint filed by a pro se litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated," <u>Branum v. Clark</u>, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Id. "Here, as plaintiff cannot cure the defects in his pleading, dismissal with prejudice and without opportunity to amend is warranted as it is clear there is no reworking of the

9

complaint which could entitle plaintiff to relief in this Court." Caldwell, 2020 WL 918717, at *4.

## IV. **Conclusion**

**WHEREFORE**, for the reasons set forth herein, it is hereby

**ORDERED**, that plaintiff's IFP application (dkt. no. 2) be **GRANTED** for purposes of filing only; and it is

**RECOMMENDED**, that plaintiff's complaint (dkt. no. 1) be **DISMISSED** in its entirety **WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); and it is further

**RECOMMENDED**, that if the District Court adopts this recommendation, the Court further certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3), and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation & Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.  See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).[4]

---

[4]  If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections.  See FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. See id. § 6(a)(1)(C).

Dated: October 28, 2022
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge