UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BOISEY CALDWELL,

                                          Plaintiff,                1:22-cv-567 (BKS/CFH)

v.

GERALD J. PETROS, et al.,

                                          Defendants.

---

**Appearances:**

*Plaintiff pro se:*
Boisey Caldwell
Bronx, NY 10452-7116

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

Plaintiff pro se Boisey Caldwell brought this "Attorney Malpractice" action against Defendants Gerald J. Petros, Chritine K. Bush, and James Barrier on May 27, 2022. (Dkt. No. 1). The Complaint was referred to United States Magistrate Judge Christian F. Hummel who, on October 28, 2022, issued a Report-Recommendation and Order granting Plaintiff's application for leave to proceed in forma pauperis and recommending that the Complaint be dismissed with prejudice. (Dkt. No. 7, at 1, 6–7 (noting that this is the third case Plaintiff has filed against Defendant Barrier alleging "the same frivolous claims" (citing *Caldwell v. Barrier*, No. 1:19-cv-1516 (BKS/CFH) (N.D.N.Y. 2019) ("2019 Action"); *Caldwell v. James J. Barrier, et al.*, No. 1:04-cv-0036 (DNH/RFT) (N.D.N.Y. 2004) ("2004 Action"))).

Plaintiff has filed a response to the Report-Recommendation. (Dkt. No. 8). For the reasons set forth below, Report-Recommendation is adopted in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [report-recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920 at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

## III.    DISCUSSION

Magistrate Judge Hummel recommended that Plaintiff's Complaint be dismissed with prejudice because "[i]t is clear from review of plaintiff's complaints in this action, that plaintiff is yet again attempting to bring a case involving the same defendant and same frivolous claims." (Dkt. No. 7, at 6–7 (citing 2019 Action and 2004 Action)). Magistrate Judge Hummel explained

that Plaintiff's 2019 Action and 2004 Action both named Defendant Barrier, raised the same legal malpractice issues Plaintiff asserts in the present Complaint, and were dismissed with prejudice. (Dkt. No. 7, at 6–7 (citing 2019 Action, Dkt. No. 4, at 6 ("[P]laintiff may not attempt to bring a new action to raise these claims against the same defendant."))).

Magistrate Judge Hummel also concluded that even if Plaintiff's claims had not been dismissed previously, they failed to allege a plausible claim for relief. (Dkt. No. 7, at 7–8. Specifically, Magistrate Judge Hummel found that: Plaintiff's allegations regarding Defendant Barrier's alleged violation of Plaintiff's Fifth, Seventh, and Fourteenth Amendment rights failed to state a claim under 42 U.S.C. § 1983 because "Barrier, as an attorney, was not acting under the color of state law," (Dkt. No. 7, at 7 (citing Dkt. No. 1, at 2–3)); Plaintiff's allegations that Defendant Barrier violated attorney rules of professional conduct "do not form a basis of a constitutional claim," (*id.* at 8); the statute of limitations precluded any state law legal malpractice claims "given that the legal representation occurred in the mid-1990s," (*id.* at 7; *see* Dkt. No. 1, at 17 (referring to *Caldwell v. Tschante et al.*, Nos. 96-cv-0353, 96-cv-0358, 96-cv-0359, 96-cv-0360)); and Plaintiff does not refer to Defendants Petros or Bush outside the caption of the Complaint and has not articulated a plausible basis for liability against them, (Dkt. No. 7, at 7–8).

In his response to the Report-Recommendation, (Dkt. No. 8 (docketed as an "Objection")), Plaintiff provides additional details about the facts underlying the lawsuit in which Defendant Barrier was involved, (*see, e.g., id.* at 5 (referring to *Caldwell v. Tschantre et al.*)), and Defendant Barrier's alleged misconduct, (*see id.* at 7 ("Barrier violated the law governing lawyers when he took the case without following the Rules of Federal Procedure.")). Plaintiff's submission does not reference the Report-Recommendation or identify any objection

3

to the analysis in the Report-Recommendation. Plaintiff has thus failed to preserve an objection, and the Court's review is for clear error. Having reviewed the Report-Recommendation for clear error and found none, the Court adopts the Report-Recommendation in its entirety.

In adopting the Report-Recommendation, the Court also adopts Magistrate Judge Hummel's admonition: any attempt "to bring future actions before this Court involving the same claims and defendant or other frivolous arguments" may result in the issuance of an order to show cause why a pre-filing order enjoining Plaintiff from filing pro se any future pleadings, documents, or motions in the Northern District of New York without prior permission of the Chief Judge or his or her designee. (Dkt. No. 7, at 9).

## IV.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 7) is **ADOPTED** in all respects; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED** in its entirety **WITH PREJUDICE**; and it is further

**ORDERED** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and it is further

**ORDERED** that the Clerk serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 14, 2022
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge